UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVID E. HANLEY, | ) |
| Plaintiff, | ) Case No. 20-CV-2329 |
| vs. | ) Chief Judge Sara Darrow |
| CAPT. COLIN OSTERBUR, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO REQUEST COUNSEL**

NOW COME Defendants COLIN OSTERBUR, SHELLY HARDING, MARCIE MILLER, KEVIN MASKEL, and HAROLD HEATON, by and through their attorney, MICHAEL W. CONDON of HERVAS, CONDON & BERSANI, P.C., and in response to Plaintiff's Motion to Request Counsel, state as follows:

On December 3, 2021, *pro se* Plaintiff David Hanley filed a motion requesting counsel. (*See* d/e 52). Defendants object to this motion. Plaintiff alleges that he was subjected to inhumane conditions of confinement and lack of adequate medical care while detained at Vermilion County Jail. He claims he was held in a padded cell; not permitted to post bond; was excessively sprayed with a chemical agent; and was denied water, fresh air, mental health, medical care, and spiritual resources. Appointment of counsel is not warranted in this case because the matter here is neither sufficiently complex, nor would counsel make a difference regarding the outcome of the case.

"There is no right," statutory or constitutional, "to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *see also*, *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A district court should not recruit counsel for a *pro se*

plaintiff unless specific circumstances warrant it. *See* 28 U.S.C. § 1915(e)(1). The court should assess whether the plaintiff made a reasonable attempt to secure counsel, as well as "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "These inquiries are necessarily intertwined." *Id*. Thus, the inquiry is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id*., *also Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

      Plaintiff has previously filed eight Motions to Request Counsel, and each time this Court found that Plaintiff was not entitled to counsel appointment. Plaintiff filed his first Motion to Request Counsel on November 18, 2020. (*See* d/e 4). That was soon followed by additional Motions to Request Counsel. (*See* d/e 13; 15; 27; 29). The Court ruled on March 22, 2021, that Plaintiff had neither a constitutional nor statutory right to counsel in this case. (Dkt. Txt. 03/22/21; d/e 27, 29). This Court ruled that while Plaintiff satisfied the first prong of the test, and had reasonably attempted to obtain counsel, the difficulty of the case did not merit appointment of counsel. Additionally, the Court noted the case was not particularly complex, it did not require expert testimony, and Plaintiff should be able to obtain relevant information via the discovery process. (*See id*.)

      Plaintiff's third Motion to Request Counsel was filed the same day that his second Motion was denied and did not differ from his previous Motions to Request Counsel. As a result, this Court came to the same conclusion it had previously and denied Plaintiff's third Motion to Request Counsel, citing its previous order. (Dkt. Txt. 03/23/21). This process then repeated again upon Plaintiff filing his fourth Motion to Request Counsel, at which time the Court found that Plaintiff had no constitutional or statutory right to counsel in this case. (*See* d/e 33; Dkt. Txt.

04/20/21). Once again, the Court looked at the lack of complexity in this case, that Plaintiff had personal knowledge of the facts, adequately conveyed those facts despite his alleged difficulties, and could obtain all relevant documentation through the discovery process. (*See id.*)

This process cycled again when Plaintiff filed his fifth Motion to Request Counsel six days later. (*See* d/e 37). On June 2, 2021, this Court again informed Plaintiff that he was not entitled to the appointment of counsel, neither constitutionally nor statutorily. (Dkt. Txt. 06/02/21). The Court reiterated its finding that the case lacked complexity to warrant the appointment of Counsel. Moreover, the Court noted that this case did not require expert testimony and that Plaintiff appeared competent to litigate the case himself. (*Id.*) The Court specified that Plaintiff had shown an understanding of the Court's Scheduling Order, what was required of him, had personal knowledge of the facts, and should be able to obtain relevant documents through the discovery process. (*See id.*)

The cycle then repeats itself once more, as Plaintiff filed his sixth Motion to Request Counsel, the underlying motion, on December 3, 2021. (d/e 52). For almost a year, Plaintiff has raised the same issues of housing, money, abilities, and resources. (*See i.e.* d/e 29; 31; 33; 52). What this Court has stated in response to Plaintiff's motions half a dozen times previously, is still accurate. Neither the legal issues raised—inhumane confinement and lack of adequate medical care—nor the evidence that might support Plaintiff's claims are so complex or intricate that they require a trained attorney. Plaintiff can testify to his version of the facts and can cross-examine Defendants regarding their alleged actions. *See Johnson v. Doughty*, 433 F.3d 1001, 1008 (7th Cir. 2006).

Similar to the cycle Plaintiff has created in this case, is the case of *Daniel v. Power*. (*Daniel v. Power*, 2006 WL 8455824 (S.D. Ill. 2006)). There, a Plaintiff filed three Motions to

Request Counsel, each one relaying the same information as the previous Motion. (*Id.*) Upon the receipt of the third motion the Court denied Plaintiff's motion and advised Plaintiff that "the Court [would] not entertain any further requests for counsel in this matter." (*Id.*)(emphasis in original). Here, Plaintiff has filed twice as many motions reiterating the same information.

      Plaintiff has failed to present any justifiable hardship that would inhibit his abilities to litigate this matter. To the contrary, Plaintiff appears to be more than competent to litigate the case himself. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) (affirming that the ultimate question was whether the plaintiff appeared competent to litigate the case himself). Plaintiff has successfully filed multiple motions for relief independently, followed court instructions, articulated an abundance of different requests and expectations to the court, and successfully updated his information. (See *i.e.* d/e 4; 9; 10; 11; 12; 13; 22; 29; 32). Furthermore, Plaintiff has successfully filed a plethora of items with the Court, which includes the successful filing of a motion for extension of time, and a federal complaint that survived the Court's Merit Review analysis (d/e 1; 14; 16; 17; 18; 45). "Although he may lack legal knowledge, that is not a good reason to appoint counsel, as this handicap is almost universal among pro se litigants." *See Williams v. Humphrey*, No. 09-CV-202-BBC, 2009 WL 1444160, at *7 (W.D. Wis. May 20, 2009).

      There are no specific circumstances here that warrant the appointment of counsel. Additionally, this Court has already found Plaintiff's circumstances do not warrant the appointment of counsel. As a result, Plaintiff does not meet the required standard and his motion should be denied.

For the foregoing reasons, Defendants, COLIN OSTERBUR, SHELLY HARDING, MARCIE MILLER, KEVIN MASKEL, and HAROLD HEATON respectfully request that this Honorable Court deny Plaintiff's Motion to Request Counsel.

                Respectfully submitted,

                **/s/ Michael W. Condon**
                MICHAEL W. CONDON, ARDC No. 06192071
                *Attorney for Defendants*
                HERVAS, CONDON & BERSANI, P.C.
                333 Pierce Road, Suite 195
                Itasca, IL 60143-3156
                630-773-4774
                mcondon@hcbattorneys.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| DAVID E. HANLEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-CV-2329 |
| | ) |
| vs. | ) |
| | ) |
| CAPT. COLIN OSTERBUR, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 16, 2021**, I electronically filed the foregoing *Defendants' Response to Plaintiff's Motion to Request Counsel*, with the Clerk of the U.S. District Court for the Central District of Illinois using the CM/ECF system, and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following individual:

**TO:**   Mr. David Hanley
c/o Methodist Hospital
221 NE Glen Oak Ave.
Room 618 (Orthopedics Department)
Peoria, IL 61636
*Pro Se Plaintiff*

via certified mail by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on **December 16, 2021**, before 5:00 p.m. with the proper postage prepaid.

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com